UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO D. LOPEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE; FIRST AMERICAN TITLE INSURANCE CO.; US BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO WACHOBIA BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-AR12; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No.:  16cv811 AJB (DHB)<br><br>**ORDER TO SHOW CAUSE RE: LACK OF SUBJECT MATTER JURISDICTION** |

On April 5, 2016, Plaintiff Fernando D. Lopez ("Plaintiff") initiated this action asserting several state law claims against Defendants. (*See* Doc. No. 1.) Upon review of Plaintiff's complaint, the Court cannot ascertain whether federal subject matter

jurisdiction exists over Plaintiff's claims. Because federal courts are courts of limited jurisdiction, *Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986), a federal court cannot reach the merits of a dispute until it confirms that it has subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93–94, (1998). Accordingly, federal district courts have an independent obligation to address subject matter jurisdiction *sua sponte*. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004).

Federal district courts have the power to hear only those cases authorized by the Constitution and Congress, which include those involving diversity of citizenship, a federal question, or those in which the United States is a party. 28 U.S.C. §§ 1331, 1332; *see also Kokkonen v. Guardian Life Ins., Co.*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Accordingly, Plaintiff has the burden of establishing federal subject matter jurisdiction exists over his claims. Plaintiff is directed to file a brief establishing jurisdiction exists no later than **July 1, 2016**.

**IT IS SO ORDERED**.

Dated: June 17, 2016

Hon. Anthony J. Battaglia
United States District Judge