UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO D. LOPEZ,<br><br>            Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE; FIRST AMERICAN TITLE INSURANCE CO.; US BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO WACHOBIA BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-AR12; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No.: 16cv811 AJB (DHB)<br><br>**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING MOTIONS TO DISMISS AS MOOT**<br><br>**(Doc. Nos. 8, 12)** |

On April 5, 2016, Plaintiff Fernando D. Lopez ("Plaintiff") initiated this action asserting several state law claims against Defendants. (*See* Doc. No. 1.) Upon review of Plaintiff's complaint, the Court issued an order to show cause regarding federal subject

matter jurisdiction on June 16, 2016. (Doc. No. 17.) Plaintiff filed a response to the order to show cause on June 29, 2016. (Doc. No. 18.) Presently pending are also two motions to dismiss filed by Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, and U.S. National Bank Association, (Doc. No. 12), and First American Title Insurance Company, (Doc. No. 13). Upon review of Plaintiff's response to the order to show cause and the pending motions to dismiss, the Court finds Defendants' motions suitable for determination on the papers and without oral argument pursuant to Local Rule 7.1.d.1. Accordingly, the motion hearing presently set for July 28, 2016, at 2:00 p.m. in Courtroom 3B is **VACATED**. Finding the Court lacks subject matter jurisdiction to hear Plaintiff's state law claims, Plaintiff's complaint is **DISMISSED**. Defendants' motions to dismiss are **DENIED AS MOOT**. As detailed below, Plaintiff is granted leave to file an amended complaint within this Court's limited federal subject matter jurisdiction within thirty (30) days of the date of this order.

## I.     INTRODUCTION

Plaintiff filed the present action seeking a declaratory judgment, injunctive and equitable relief, and compensatory, special, general and punitive damages against Defendants from what Plaintiff asserts was the wrongful foreclosure of Plaintiff's residence. (Doc. No. 1 at 2, 4.) Plaintiff asserts solely state law-based claims for: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) violation of the Rosenthal Fair Debt Collection Practices Act; (5) intentional infliction of emotional distress; (6) slander of title; (7) unlawful and fraudulent business practice; (8) violation of the Homeowner's Bill of Rights; and (9) declaratory relief. (*Id.* at 1.)

Plaintiff's complaint asserts federal jurisdiction exists "over this entire action based on 28 U.S.C. § 1331, 1343, 2201, 2202, 15 U.S.C. § 1692, 12 U.S.C. § 2609 and 42 U.S.C. § 1983[.]" (Doc. No. 1 ¶ 10.) Plaintiff also alleges the Court has supplemental jurisdiction over any pendant state law claims under 28 U.S.C. 1367. (*Id.* ¶ 12.) In response to the Court's order to show cause, Plaintiff contends the Court has original jurisdiction over his claims pursuant to 28 U.S.C. § 1331. (Doc. No. 18 at 2.) Plaintiff

states the Court specifically has jurisdiction over his fourth cause of action under the Rosenthal Fair Debt Collection Practices Act, and that the Court has supplemental jurisdiction over the remaining state law claims. (*Id.*)

## II.  LEGAL STANDARD

Federal district courts have the power to hear only those cases authorized by the Constitution and Congress, which include those involving diversity of citizenship, a federal question, or those in which the United States is a party. 28 U.S.C. §§ 1331, 1332; *see also Kokkonen v. Guardian Life Ins., Co.*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Because federal courts are courts of limited jurisdiction, *Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986), a federal court cannot reach the merits of a dispute until it confirms that it has subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93–94, (1998). Accordingly, federal district courts have an independent obligation to address subject matter jurisdiction *sua sponte*. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004).

## III.  DISCUSSION

As presently alleged, Plaintiff's complaint fails to state grounds for federal jurisdiction. Plaintiff alleges only California state law based causes of action. Plaintiff's opposition to the Court's order to show cause appears to conflate the federal Fair Debt Collections Practices Act, commonly referred to as the "FDCPA" with the Rosenthal Fair Debt Collection Practices Act. (*See* Doc. No. 18 at 2) (stating "Plaintiff's fourth cause of action presents the federal question of whether Defendants violated the Rosenthal Fair Debt Collection Practices Act ('FDCPA'), Civil Code Section 1788, et. seq").

The Rosenthal Act is a California statute that serves as the state law version of the Fair Debt Collections Practices Act ("FDCPA"). *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *see also* Cal. Civ. Code § 1788 *et seq.* While the Rosenthal Act mimics or incorporates by reference the FDCPA's requirements, it is a state statute

that arises under California law. Thus, though the Rosenthal Act imports elements of the FDCPA, it remains a state claim, and does not invoke federal policies sufficient to warrant federal question jurisdiction. *See Cable v. Prot. One, Inc.*, No. SACV 09-783, 2009 WL 2970111, at *1 (C.D. Cal. Sept. 9, 2009) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 316, 318–319 (2005)). As presently alleged, Plaintiff's complaint only asserts a violation of the California counterpart of the FDCPA. All of the claims in Plaintiff's complaint therefore arise under California law, and federal question jurisdiction does not exist.[1]

In his response to the Court's order to show cause, however, Plaintiff indicates that he "intends to amend his Complaint to clarify federal question subject matter jurisdiction and allege additional federal question causes of action under section 3604 and 3605 of the Fair Housing Act; the Equal Credit Opportunity Act; and the Truth in Lending Act." (Doc. No. 18 at 2.)

Pursuant to Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave.[2] Rule 15 also provides that courts should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has construed this provision broadly, instructing that district courts should grant leave to

---

[1] A federal district court may also properly exercise federal jurisdiction over claims arising between diverse participants where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. While the requisite amount in controversy may exist in this case, Plaintiff has not alleged or otherwise asserted there is complete diversity between the parties. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987) (stating a complaint must affirmatively allege the state of citizenship of each party). Plaintiff's response to the order to show cause also does not address whether complete diversity exists. (*See generally* Doc. Nos. 1, 18); (Doc. No. 12-1 at 4–5.)

[2] The time for amendment as a matter of course as set forth in Rule 15(a)(1) has passed. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

amend a pleading with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend should be denied when a plaintiff cannot cure the deficiencies in his complaint and amendment would be futile. *See Carrico v. City of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Thus, if it is clear the court lacks subject matter jurisdiction and amendment could not cure the problem, the court must dismiss the case. *See Carvalho v. Equifax Info. Serv.,* 629 F.3d 876, 892–93 (9th Cir. 2010).

Here, Plaintiff's proposed additional causes of action are within the Court's original jurisdiction. Because Plaintiff may cure the present lack of subject matter jurisdiction by asserting claims under federal law, it is appropriate to grant Plaintiff leave to amend. *See Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) ("[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment"); *see also Intercontinental Indus. Corp. v. Wuhan State Owned Indus. Holdings Co.,* 619 F. App'x 592, 595 (9th Cir. 2015), *as amended on clarification* (Aug. 19, 2015) (remanding case to district court to provide plaintiff an opportunity to amend the complaint to include facts establishing subject matter jurisdiction). Additionally, Plaintiff's pro se status weighs in favor granting leave to amend. *See Kelly v. Eckert*, No. 3:11CV949, 2011 WL 3555795, at *3 (D. Or. Aug. 11, 2011) ("Because Plaintiff is proceeding *pro se,* however, the Court grants Plaintiff leave to amend her Complaint . . . to allege facts that establish this Court has subject-matter jurisdiction over Plaintiff's claim."); *Bell v. United States*, No. CV F 02-5077, 2002 WL 1987395, at *3 (E.D. Cal. June 28, 2002) ("Because of Plaintiffs' pro se status, the court will give Plaintiffs notice of their pleading deficiency and an opportunity to amend.").

///

///

///

## IV. CONCLUSION

Federal courts must "jealously" guard their own jurisdiction and, where appropriate, dismiss a case for lack of subject matter jurisdiction even if unchallenged by the parties. *See In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), *overruled on other grounds, Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991). In accordance with its *sua sponte* duty to ensure subject matter jurisdiction is appropriate, the Court **DISMISSES** Plaintiff's complaint for lack of subject matter jurisdiction. Defendants' pending motions to dismiss are **DENIED AS MOOT**. Plaintiff may file an amended pleading within thirty (30) days of the date of this order. If Plaintiff files an amended complaint he must ensure federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and/or 1332.

**IT IS SO ORDERED**.

Dated: July 1, 2016

Hon. Anthony J. Battaglia
United States District Judge