UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO D. LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE; FIRST AMERICAN TITLE INSURANCE CO.; US BANK NATIONAL ASSOCIATION; ET AL.,<br><br>        Defendants. | Case No.: 16-cv-00811-AJB-DHB<br><br>**ORDER GRANTING DEFENDANTS WELLS FARGO, US BANK, AND FIRST AMERICAN'S MOTIONS TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>(Doc. Nos. 43, 45) |

  Presently before the Court is Defendant First American Title Insurance Company's ("First American") motion to dismiss and Defendants US Bank National Association and Wells Fargo Bank's motion to dismiss (collectively referred to as "Defendants") Plaintiff Fernando Lopez's ("Plaintiff") third amended complaint ("TAC"). (Doc Nos. 43, 45.) The Court finds these motions suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. For the reasons set forth more fully below, the Court **GRANTS** Defendants and First American's motions to dismiss.

///

///

## I. BACKGROUND[1]

As the Court is already well-versed as to the alleged facts in this case, for the sake of brevity, the Court will only provide a brief summary of the events leading up to the institution of this action.

This dispute arises out of Plaintiff's contentions that Wells Fargo induced him into an abusive and unaffordable loan on his property located at 947 Merced River Road, Chula Vista, California 91913 (the "Property"). (Doc. No. 42 ¶¶ 3, 9.) As part of the refinance, Plaintiff executed an Adjustable Rate Note (the "Note") in the amount of $600,000.00 to the lender Wells Fargo. (*Id.* ¶ 9.) Plaintiff's loan was then sold and securitized on June 16, 2005, by Wells Fargo and placed into a Pooling and Servicing Agreement ("PSA") and converted into stock as Wells Fargo Mortgage-Backed Securities. (*Id.* ¶ 11.)

Plaintiff claims that Defendants intentionally concealed the negative implications of Plaintiff's loan. (*Id.* ¶ 18.) Specifically, Plaintiff contends that Wells Fargo illegally and deceptively qualified him for a loan that it knew or should have known that he could not qualify for or afford. (*Id.* ¶ 21.) On November 17, 2009, a Notice of Default and Election to sell under a Deed of Trust was recorded. (*Id.* ¶ 30.) This notice was requested by First American as attorney in fact for the agent First American Loanstar Trustee Services, LLC. (*Id.*) In sum, Plaintiff alleges that Defendants and First American maliciously foreclosed on his property with no authority to do so. (*Id.* ¶ 42.)

On April 14, 2017, Plaintiff filed his TAC. (Doc. No. 42.) In his TAC, Plaintiff alleges (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) violation of the Rosenthal Fair Debt Collection Practices Act; (5) violation of the Real Estate Settlement Procedures Act; (6) intentional infliction of emotional distress; (7) slander of title; (8) unlawful, unfair, and fraudulent business practices under § 17200; (9) violation of the home owner bill of rights; and (10) quiet title. (*See generally*

---

[1] The following facts are taken from the TAC and construed as true for the limited purpose of resolving the pending motions. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

id.) On April 28, 2017, Defendants and First American filed motions to dismiss. (Doc. Nos. 43, 45.)

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal quotation marks and citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

///
///
///
///
///

## III. DISCUSSION

### A. Judicial Notice

First American requests that the Court take judicial notice of grant deeds, deeds of trust, notices of default and election to sell documents, as well as several Pacer documents from varying bankruptcy cases. (Doc. No. 46.) Plaintiff filed an opposition and objection to this request. (Doc. Nos. 50, 50-1.)

First, the Court notes that it has already granted judicial notice of the documents at issue. (*See* Doc. No. 41 at 5–6.) Second, it is notable to highlight that Plaintiff's present opposition and objections are identical to the objections and opposition filed in response to First American's motion to dismiss Plaintiff's second amended complaint ("SAC"). (*Compare* Doc. No. 39 at 13–18, *with* Doc. No. 50 at 4–6.) Accordingly, as the Court has already ruled on this matter, (Doc. No. 41 at 5–6), in the interests of judicial economy, the Court upholds its previous order dated April 5, 2017, and **GRANTS** First American's request for judicial notice and **DENIES** Plaintiff's objections.

### B. Motion to Dismiss

Next, the Court finds that it need not address the merits of Defendants or First American's motions to dismiss in coming to the conclusion that Plaintiff's TAC should be dismissed. On April 5, 2017, Plaintiff's SAC was dismissed without prejudice and Plaintiff was granted fourteen days to amend his complaint curing the deficiencies therein. (Doc. No. 41.) However, instead of complying with the Court's order, Plaintiff filed a TAC that is almost an exact replica of his SAC. Specifically, the only differences between the two are that Plaintiff added fifteen unconstructive sentences in his facts section, and altered his quiet title cause of action. (Doc. No. 42 ¶¶ 43–58, 177–95.) The remainder of Plaintiff's fifty page complaint and his ten causes of action remain exactly the same. (*Compare* Doc. No. 31, *with* Doc. No. 42.)

The Court notes that a pro se plaintiff, like any other litigant, is required to obey court orders, "including an order to amend his pleading." *Gonzales v. Cate*, No. 2:11-cv-3196 GEB EFB P., 2012 WL 3205359, at *2 (E.D. Cal. Aug. 2, 2012) (citation omitted).

The failure to do so may warrant dismissal with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). As discussed above, Plaintiff was provided notice of the deficiencies in his previous complaint, however, instead of resolving the issues and complying with the Court's order, Plaintiff has provided the Court with a duplicative pleading that fails to address any of the issues raised by the Court. Given Plaintiff's decision to blatantly disregard this prior opportunity to amend, the Court **DISMISSES** Plaintiff's TAC.

When dismissing a complaint the Court must determine whether leave to amend is appropriate. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). There are five factors to take into account when assessing the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether plaintiff has previously amended the complaint. *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

Here, the factors weigh against amendment. Not only has Plaintiff failed to alter or change his complaint to address the deficiencies the Court raised in its preceding order, which suggests bad faith, but in total Plaintiff has been granted four chances to amend his complaint. *See Screen Capital Intern. Corp. v. Library Asset Acquisition Co., Ltd.*, 510 B.R. 248, 265 (C.D. Cal. 2014) ("A court's discretion to deny leave to amend is 'particularly broad where plaintiff has previously amended the complaint.'") (citation omitted). Moreover, Defendants and First American will be prejudiced if Plaintiff is granted another chance to amend as he has failed to demonstrate a desire to litigate this case properly. Accordingly, finding that the majority of the factors weigh against amendment, the Court **DISMISSES** Plaintiff's TAC **WITH PREJUDICE**. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (holding that the district court did not err in denying leave to file the third amended complaint as it was "virtually identical" to the previously dismissed claims).

///

# CONCLUSION

As explained more fully above, First American and Defendants' motions to dismiss are **GRANTED** and Plaintiff's TAC is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: August 8, 2017

Hon. Anthony J. Battaglia
United States District Judge